EDWARD S. MARSH *v.* RUTLAND RAILROAD COMPANY.

Special Term at Rutland, November, 1907.

Present: ROWELL, C. J., TYLER, and WATSON, JJ., and HALL, Superior J.

Opinion filed November 21, 1907.

*Railroads—Negligence—Construction of Farm Crossing—Tenant*
      *by    Sufferance—Pleadings—Construction—Nominal   Dam-*
      *ages—Presumptions   in   Favor   of   Judgment.*

A railroad company locating its spur track across a pasture occupied
      by a tenant by sufferance owes him no duty to construct
      suitable farm crossings; for, although such a tenant enters by
      right, he holds by wrong, has no assignable estate, cannot maintain
      trespass against the landlord, and is not entitled to notice to
      quit.

In case in two counts for negligence, where one count is bad and the
      agreed facts show that the neglects charged in both counts

damaged plaintiff in a certain amount, but do not apportion the damages between the counts, plaintiff is entitled to nominal damages only.

In case in two counts for negligence, where the first count alleged that while plaintiff occupied a pasture as tenant defendant railroad located its spur track across the same and wrongfully omitted to construct suitable farm crossings, and the agreed facts showed that the neglects charged in both counts damaged plaintiff in a certain amount, but without apportioning the damages between the counts, and the trial court gave plaintiff judgment for nominal damages only, in this Court it must be taken that, as to the first count, plaintiff was a tenant by sufferance, to whom the railroad owed no duty to construct crossings, since a count must be construed most strongly against the plaintiff, and all reasonable presumptions must be made in favor of the correctness of the judgment below.

CASE for negligence in failing to construct a suitable farm crossing. Heard on an agreed statement of facts at the September Term, 1904, Rutland County, *Munson,* J., presiding. Judgment for the plaintiff for nominal damages only. The plaintiff excepted. The opinion fully states the case.

*E. S. Marsh* for the plaintiff.

While the tenant is in possession, he may maintain, to the same extent as an owner in possession, trespass on the case for negligent injuries to his possessory right. 18 Am. & Eng. Enc. Law, 2nd ed. 453; *McPhillips* v. *Fitzgerald,* 177 N. Y. 543. If the injury is one to the reversion also, the tenant and the reversioner have separate actions for their several damages. *Davis* v. *Jewett,* 13 N. H. 88. The tenant can recover such damages as affect his possession and enjoyment of the premises. For injuries to the inheritance the reversioner has an action. *Weston* v. *Gravlin,* 49 Vt. 507.

*H. Henry Powers,* and *P. M. Meldon* for the defendant.

ROWELL, C. J. Case in two counts. The first count alleges that for five years next before suit brought, the plaintiff occupied a pasture as tenant; that during his occupancy the de-

fendant located a spur track across the same, and procured the appointment of commissioners to determine the damages, who appraised the same and reported in writing, and as a part of the compensation awarded, required the defendant to make suitable farm crossings for the convenience of the premises; that the track was built on a foundation of stones and rocks, but that the defendant had negligently and wrongfully omitted to make any crossings, without which it is impossible for cattle and teams to cross the track, by reason whereof the plaintiff has suffered damage.

The second count declares upon the defendant's neglect to keep up and maintain the fence between its main line and said pasture, whereby the plaintiff was deprived of the use of the pasture for a time.

The agreed facts show that the neglects declared for in both counts damaged the plaintiff a hundred dollars, but they do not apportion the damages between the counts. The plaintiff had judgment for nominal damages, to which he excepted. He could have judgment for no more, for the damages were not apportioned, and the first count is bad, for it does not show that the plaintiff's estate in the land was such that the defendant owed him any duty in respect of building the crossings. True, it alleges that he occupied as tenant, but the nature of his tenancy is not disclosed, whether for years, from year to year, at will, by sufferance, or what otherwise it was.

As the count must be construed most strongly against the plaintiff, there being nothing here to modify the application of that rule, as there was in *Royce* v. *Maloney,* 58 Vt. 437, 445 5 Atl. 395; and as all reasonable presumptions must be made in favor of the correctness of the judgment below,—it must be taken that the plaintiff was tenant by sufferance, which is the least of all tenancies; for although such a tenant enters by right, he holds by wrong. He has no assignable estate; cannot maintain trespass against the landlord; is not entitled to notice to quit.

It is unnecessary to consider the second count, for if good, the judgment is right; and if bad, the defendant does not question the judgment.

*Judgment affirmed.*